1   E. MARTIN ESTRADA
    United States Attorney
2   MACK E. JENKINS
    Assistant United States Attorney
3   Chief, Criminal Division
    JEREMY K. BEECHER (Cal. Bar No. 301272)
4   Assistant United States Attorney
    General Crimes Section
5        1200 United States Courthouse
         312 North Spring Street
6        Los Angeles, California 90012
         Telephone: (213) 894-5429
7        Facsimile: (213) 894-0141
         E-mail:   jeremy.beecher@usdoj.gov
8
    Attorneys for Plaintiff
9   UNITED STATES OF AMERICA

10                    UNITED STATES DISTRICT COURT

11               FOR THE CENTRAL DISTRICT OF CALIFORNIA

12  UNITED STATES OF AMERICA,          No. 2:23-cr-00117-DMG-1

13           Plaintiff,                STIPULATION REGARDING REQUEST FOR
                                       (1) CONTINUANCE OF TRIAL DATE AND
14           v.                        (2) FINDINGS OF EXCLUDABLE TIME
                                       PERIODS PURSUANT TO SPEEDY TRIAL
15  MIHAI CRISTEA,                     ACT

16           Defendant.               **CURRENT TRIAL DATE:**   5/16/23
                                      **PROPOSED TRIAL DATE:**  7/25/23
17

18

19

20          Plaintiff United States of America, by and through its counsel

21  of record, the United States Attorney for the Central District of

22  California and Assistant United States Attorney JEREMY K. BEECHER,

23  and defendant MIHAI CRISTEA ("defendant"), both individually and by

24  and through his counsel of record, GEORGE MGDESYAN, hereby stipulate

25  as follows:

26          1.   The Indictment in this case was filed on March 15, 2023.

27  Defendant first appeared before a judicial officer of the court in

28  which the charges in this case were pending on March 2, 2023.  The

Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before May 24, 2023.

2.   On March 23, 2023, the Court set a trial date of May 16, 2023, and a pretrial conference date of May 3, 2023.

3.   Defendant is detained pending trial. The parties estimate that the trial in this matter will last approximately two days.

4.   By this stipulation, defendant moves to continue the trial date to July 25, 2023, and the pretrial conference to July 12, 2023. This is the first request for a continuance.

5.   Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act:

a.   Defendant is charged with violations of 18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; and 18 U.S.C. § 1029(a)(2): Unlawful Use of Unauthorized Access Devices.  The Court entered protective orders on March 30, 2023, and the government is in the process of producing discovery to the defense.

b.   On March 15, 2023, defendant's current counsel substituted in as counsel of record.  Defense counsel is presently scheduled to be in trial in People v. Azatyan et. al., Los Angeles Superior Court Case No. BA475142, for approximately 8 weeks starting from April 5, 2023, and Donora Grigoryan v. Enterprise Rent-a-Car Company of LA et. al., Los Angeles Superior Court Case No. BC654195, for approximately 3 weeks starting from June 20, 2023.  Accordingly, counsel represents that he will not have the time that he/she believes is necessary to prepare and be available to try this case on the current trial date.

1          c.   In light of the foregoing, counsel for defendant also

2     represent that additional time is necessary to confer with defendant,

3     conduct and complete an independent investigation of the case,

4     conduct and complete additional legal research including for

5     potential pre-trial motions, review the discovery and potential

6     evidence in the case, and prepare for trial in the event that a

7     pretrial resolution does not occur. Defense counsel represents that

8     failure to grant the continuance would deny him reasonable time

9     necessary for effective preparation, taking into account the exercise

10    of due diligence.

11         d.   Defendant believes that failure to grant the

12    continuance will deny him continuity of counsel and adequate

13    representation.

14         e.   The government does not object to the continuance.

15         f.   The requested continuance is not based on congestion

16    of the Court's calendar, lack of diligent preparation on the part of

17    the attorney for the government or the defense, or failure on the

18    part of the attorney for the Government to obtain available

19    witnesses.

20    6.   For purposes of computing the date under the Speedy Trial

21    Act by which defendant's trial must commence, the parties agree that

22    the time period of May 16, 2023, to July 25, 2023, inclusive, should

23    be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i) and

24    (h)(7)(B)(iv) because the delay results from a continuance granted by

25    the Court at defendant's request, without government objection, on

26    the basis of the Court's finding that: (i) the ends of justice served

27    by the continuance outweigh the best interest of the public and

28    defendant in a speedy trial; (ii) failure to grant the continuance

would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

7.    Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: May 5, 2023                    Respectfully submitted,

                                      E. MARTIN ESTRADA
                                      United States Attorney

                                      MACK E. JENKINS
                                      Assistant United States Attorney
                                      Chief, Criminal Division


                                      _____/s/_____
                                      JEREMY K. BEECHER
                                      Assistant United States Attorney

                                      Attorneys for Plaintiff
                                      UNITED STATES OF AMERICA


I am MIHAI CRISTEA's attorney.  I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights.  To my knowledge, my client understands those rights and agrees to waive them.  I believe that my client's decision to give up

the right to be brought to trial earlier than July 25, 2023, is an informed and voluntary one.

| | |
|---|---|
| /s/ | May 5, 2023 |
| GEORGE MGDESYAN | Date |
| Attorney for Defendant | |
| MIHAI CRISTEA[1] | |

_____

[1] Pursuant to United States District Court for the Central District of California Local Civil Rule 5-4.3.4, the filing party attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.